# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

_____

FRANCESCO MAZZA,                                            Civil Case No.:
                                                            1:14-CV-04880
                          Plaintiff,

                  v.                                         **VERIFIED COMPLAINT**

ALTUS GTS INC.

                          Defendant.
_____

## Preliminary Statement

1. This action is brought by Francesco Mazza against Altus GTS Inc. for violations of the Fair Debt Collection Practices Act and New York General Business Law § 349 (Deceptive Acts and Practices).

## Parties

2. Plaintiff Francesco Mazza is a natural person and a resident of Kings County, New York.

3. Defendant Altus GTS Inc. is a Delaware corporation with a principal place of business located at 50 Millstone Rd., Bldg 100, Ste. 360, East Windsor, NJ 08520, and whose registered agent for service of process in New York State is National Registered Agents, Inc., 111 Eighth Ave., New York, NY 10011.

4. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) because it uses instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts, and they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

5. Upon information and belief, Defendant is **not** licensed as a debt collector by the New York

City Department of Consumer Affairs as required by N.Y.C. Admin. Code § 20-490.

6. Upon information and belief, Defendant formerly did business under the names Coface Collections North America, Inc. and CNA Credit Collection Agency, Inc. and has a substantial history of FDCPA violations under its former names.

## **Jurisdiction and Venue**

7. This Court has subject matter jurisdiction over the claims arising under 15 U.S.C. §§ 1692 *et seq.* pursuant to 15 U.S.C. § 1692k(d), and over the claims arising under N.Y. Gen. Bus. Law § 349 pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Defendant pursuant to New York jurisdictional rules, as incorporated by Fed. Rule Civ. Pro. 4(k)(1)(A), because:

   A. Defendant has engaged in acts that together constitute a continuous and systematic course of doing business in New York, and this District, within the meaning of N.Y. C.P.L.R. § 301 – specifically, Defendant engages in the collection of debts from numerous individuals and/or corporate entities who reside within New York and this District; and also because

   B. Defendant transacted business (i.e. debt collection) within the State of New York and this District, and this action arises from said transaction of business; and also because

   C. Defendant committed a wrongful and tortious act other than defamation of character (i.e., unlawful debt collection and deceptive business practices) within the State of New York and this District, and this action arises from said wrongful and tortious act; and also because

   D. Defendant committed a wrongful and tortious act other than defamation of character (i.e., unlawful debt collection and deceptive business practices) without the State of New York causing injury to person or property within the State of New York and this District (i.e. Plaintiff), and

i. Defendant regularly does and/or solicits business, and/or engages in another persistent course of conduct, and/or derives substantial revenue from services rendered, in the State of New York and this District, and/or

   ii. Defendant expected or should have reasonably expected the acts complained of herein to have consequences in the State of New York and this District, and Defendant derives substantial revenue from interstate and/or international commerce.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

# **Facts**

## The Underlying Transaction

10. Plaintiff is a student at the New York Film Academy.

11. As such, Plaintiff was required to make a short film as a class project.

12. Towards that end, Plaintiff hired Shoebox Story Productions, LLC (hereinafter "Shoebox"), by and through its owner and manager Nathan Blair, to shoot the film, which Shoebox did, and for which Plaintiff paid in full.

13. Thereafter Plaintiff required the services of an editor, and Nathan Blair recommended that Plaintiff hire his wife, again under the umbrella of Shoebox, to edit the film.

14. Shoebox agreed to edit the film by a specific deadline, and quoted Plaintiff an estimate of $900, towards which Plaintiff paid a $455 deposit.

15. Shoebox failed to complete the job by the deadline; failed to complete the entire job; and the portion of the job that Shoebox did complete was of manifestly substandard quality and, frankly, awful.

16. Plaintiff was forced to hire the services of another editor on short notice, at considerable expense.

17. Thereafter, despite its utterly deficient performance, Shoebox has endeavored to collect an additional $964.55 from Plaintiff, who has steadfastly – and wholly justifiably – refused to pay.

18. Towards that end, Shoebox utilized Defendant's services as a debt collector.

The Unlawful Debt Collection Activities

19. On or around 6/4/2014, Defendant sent a collection letter to Plaintiff.

20. On or around 6/12/2014, Defendant sent a second collection letter to Plaintiff that was identical to the first, save for the date.

21. Defendant was out of town at the time, and so received both letters simultaneously upon his return.

22. The letters stated, in relevant part:

> The above claim has been placed with our firm for collection. Prior to having an attorney evaluate the merits of litigation, we wish to allow you a final opportunity to satisfy the debt voluntarily. The above stated balance must be sent to our offices to avoid further action.
>
> Refusal to honor this debt within 5 days of receipt of this demand can mean appropriate legal action will be taken to protect our client's interest.

23. The letters did **not** bear a license number issued by the New York City Department of Consumer Affairs.

24. Upon reading these letters, Plaintiff believed that Defendant was about to sue him within a matter of days.

25. Because the letters had led him to believe that Defendant was about to sue him within a matter of days, Plaintiff immediately became panicked, anxious, fearful, worried, distressed, and agitated.

26. Because the letters had led him to believe that Defendant was about to sue him within a matter of days, Plaintiff felt compelled to seek and pay $200 for a consultation with an attorney (the undersigned) to advise him about (what he believed was) the impending lawsuit.

# First Cause of Action
## 15 U.S.C. § 1692e(5)
## Threat of Action that Cannot Legally Be Taken Or Is Not Intended to Be Taken

27. Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 26 with the same force and effect as if they were set for fully herein.

28. As set forth in paragraphs 2 and 10-18, Plaintiff is a natural person allegedly obligated to pay a debt and therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

29. As set forth in paragraphs 10-18, the alleged debt at issue in this case was incurred for primarily for personal, family, or household purposes and therefore a "consumer debt" within the meaning of 15 U.S.C. § 1692a(5).

30. As set forth in paragraph 4, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

31. Defendant's collection letters stated, in relevant part:

> The above claim has been placed with our firm for collection. **Prior to having an attorney evaluate the merits of litigation, we** wish to allow you a final opportunity to satisfy the debt voluntarily. The above stated balance must be sent to our offices to avoid further action.
>
> **Refusal to honor this debt within 5 days of receipt of this demand can mean appropriate legal action will be taken to protect our client's interest.**

(emphasis added)

32. Upon reading the foregoing, the "least sophisticated consumer" would – and Plaintiff did – interpret this language to mean that legal action by Defendant was authorized, likely and imminent.

33. This implication was false. To wit:

   A. Upon information and belief, Defendant lacked authority to retain an attorney with respect to the alleged debt at issue in this case;

5

B. Upon information and belief, Defendant had no intent to retain an attorney with respect to the alleged debt at issue in this case;

C. Upon information and belief, Defendant lacked authority to initiate legal proceedings with respect to the alleged debt at issue in this case;

D. Upon information and belief, Defendant had no intent to initiate legal proceedings with respect to the alleged debt at issue in this case;

E. Upon information and belief, in practice, Defendant rarely or never makes the decision whether to initiate legal proceedings on behalf of its clients;

F. Upon information and belief, Defendant does not employ any attorneys admitted to practice in the state of New York for the purposes of litigating debt collection suits;

G. Upon information and belief, Defendant has no procedure by which to refer accounts to attorneys in New York (or any other state) to commence debt collection litigation;

H. Upon information and belief, Defendant never recommends legal proceedings unless its advice is solicited from its clients;

I. Upon information and belief, even in cases where its advice is solicited, Defendant rarely or never recommends legal proceedings to its clients; and

J. Upon information and belief, Defendant is rarely or never informed when any of its clients ultimately sues a debtor.

34. As a result of the above deceptive and unlawful collection practices, Plaintiff was harmed emotionally and psychologically as described in paragraph 25 and financially as described in paragraph 26.

## **Second Cause of Action**
**15 U.S.C. § 1692g**
**Failure to Provide Proper Validation Notice**

35. Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 34 with the same force and effect as if they were set for fully herein.

36. As set forth in paragraphs 2 and 10-18, Plaintiff is a natural person allegedly obligated to pay a debt and therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

37. As set forth in paragraphs 10-18, the alleged debt at issue in this case was incurred for primarily for personal, family, or household purposes and therefore a "consumer debt" within the meaning of 15 U.S.C. § 1692a(5).

38. As set forth in paragraph 4, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

39. Defendant's collection letters contained a validation notice in the "small print" that stated in its entirety:

> This is an attempt to collect a debt. Any information will be used for that purpose. If you dispute the validity of this debt you have 30 days to notify us of such.

40. This validation notice fails to satisfy the requirements of 15 U.S.C. § 1692g in that:

A. 15 U.S.C. § 1692g(a)(3) requires "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector," but the sentence in the letters to that general effect neglects to mention (i) that the alleged debtor may dispute a portion of the debt and (ii) that the debt will be assumed to be valid by the debt collector if the alleged debtor does not make a timely dispute;

B. 15 U.S.C. § 1692g(a)(4) requires "a statement that if the consumer notifies the debt

collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector," but the letters contain no such statement; and

C. 15 U.S.C. § 1692g(a)(5) requires a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor," but the letters contain no such statement.

41. As a result of the above deceptive and unlawful collection practices, Plaintiff was harmed emotionally and psychologically as described in paragraph 25 and financially as described in paragraph 26.

## Third Cause of Action
### 15 U.S.C. §§ 1692e(10), 1692g
### Overshadowing and Contradicting the Validation Notice

42. Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 41 with the same force and effect as if they were set for fully herein.

43. As set forth in paragraphs 2 and 10-18, Plaintiff is a natural person allegedly obligated to pay a debt and therefore a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

44. As set forth in paragraphs 10-18, the alleged debt at issue in this case was incurred for primarily for personal, family, or household purposes and therefore a "consumer debt" within the meaning of 15 U.S.C. § 1692a(5).

45. As set forth in paragraph 4, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

46. Defendant's collection letters stated, in relevant part:

> Refusal to honor this debt **within 5 days of receipt of this demand** can
> mean appropriate legal action will be taken to protect our client's interest.
>
> (emphasis added)

47. Upon reading the foregoing, the "least sophisticated consumer" would – and Plaintiff did – readily believe – despite the inclusion of the (defective) validation notice – that were he to take any course other than payment to Defendant within five days, Defendant would sue him.

48. This language thereby overshadowed and contradicted the (defective) validation notice.

49. As a result of the above deceptive and unlawful collection practices, Plaintiff was harmed emotionally and psychologically as described in paragraph 25 and financially as described in paragraph 26.

## Fourth Cause of Action
### N.Y. Gen. Bus. Law § 349
### Deceptive Acts and Practices, and Treble and Punitive Damages Therefor

50. Plaintiff repeats and realleges every allegation set forth in paragraphs 1 through 49 with the same force and effect as if they were set for fully herein.

51. Upon information and belief, Defendant's conduct towards Plaintiff involved a standard form letter sent to an alleged consumer debtor, as part of Defendant's standard operating procedure for interacting with any member of the general public unfortunate enough to have an alleged debt placed with Defendant for collection, and was therefore "consumer oriented."

52. Defendant's collection letters stated, in relevant part:

> The above claim has been placed with our firm for collection. Prior to
> having an attorney evaluate the merits of litigation, we wish to allow you
> a final opportunity to satisfy the debt voluntarily. The above stated
> balance must be sent to our offices to avoid further action.
>
> Refusal to honor this debt within 5 days of receipt of this demand can
> mean appropriate legal action will be taken to protect our client's interest.

53. The foregoing is deceptive and materially misleading for the reasons set forth in paragraphs 32-

33 and 47-48.

54. The foregoing would likely mislead a reasonable consumer acting reasonably under the circumstances – and did mislead Plaintiff.

55. Defendant's deceptive acts were performed willfully and knowingly, and were so flagrant as to transcend mere carelessness.

56. As a result of the above deceptive and unlawful collection practices, Plaintiff was harmed emotionally and psychologically as described in paragraph 25 and financially as described in paragraph 26.

## **Prayer for Relief**

Wherefore Plaintiff Francesco Mazza respectfully requests that this Court enter an Order:

1. Awarding Plaintiff compensatory damages in the amount of $10,200, or a not-lesser amount to be determined at trial, on account of emotional and psychological harm and attorney consultation fees incurred;

2. Awarding Plaintiff statutory "additional damages" of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Awarding Plaintiff statutory treble damages of $1,000 pursuant to N.Y. General Business Law § 349(h);

4. Awarding Plaintiff punitive damages pursuant to N.Y. General Business Law § 349(h) in the amount of $30,000, or a not-lesser amount to be determined at trial;

5. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. General Business Law § 349(h);

6. Awarding Plaintiff pre- and post-judgment interest;

7. Awarding Plaintiff a Bill of Fees, Costs, and Disbursements;

8. Granting Plaintiff such other and further relied as the Court may deem just and proper.

Dated: 8/8/2014
New York, New York

cb1013

Respectfully submitted,

*Christopher Bussard*
Christopher Bussard

Muennich & Bussard, LLP
Attorney for Plaintiff
252 West 38th Street, Suite 501
New York, NY 10018
Telephone: (347) 855-3328
Fax: (646) 490-2247
bussard@mubulaw.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Francesco Mazza, declare the following:
I am the named Plaintiff in the above-captioned case. I have read the foregoing Verified Complaint and state under penalty of perjury that the factual statements therein are true and correct to the best of my knowledge.

Dated:

8/8/2014

Signed:

*Francesco Mazza*
Francesco Mazza, Plaintff