UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANCESCO MAZZA, | Civil Action No.: 14 Civ. 04880 (ARR)(VMS) |
| *Plaintiff*, | |
| -against- | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| ALTUS GTS INC., | |
| *Defendant*. | |

Defendant Altus GTS Inc. (hereafter "Defendant"), by and through its attorneys, Slater Tenaglia Fritz & Hunt, P.A., as and for its Answer to Plaintiff's Complaint responds as follows:

**AS AND FOR AN ANSWER TO
PLAINTIFF'S PRELIMINARY STATEMENT**

1. Defendant denies the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

**AS AND FOR AN ANSWER TO
PLAINTIFF'S PARTIES**

2. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3. Defendant denies each and every allegation contained in Paragraph 3 of the Complaint, but admits that all relevant times herein Altus GTS Inc. was and is a foreign business corporation registered to do business within the State of New York.

4. Defendant admits that it is a debt collector of commercial debts but denies that the debt relevant to this lawsuit is governed by 15 U.S.C. §1692a. Defendant denies each and every remaining allegation set forth in paragraph 4 of the Complaint.

5. Defendant denies each and every allegation contained in Paragraph 5 of the Complaint and refers all questions of law to the Court.

6. Defendant denies each and every allegation contained in Paragraph 6 of the Complaint and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO**
**PLAINTIFF'S JURISDICTION AND VENUE**

7. Defendant denies each and every allegation contained in Paragraph 7 of the Complaint and refers all questions of law to the Court.

8. (A)-(D). Defendant denies each and every allegation contained in Paragraph 8 of the Complaint and refers all questions of law to the Court.

9. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 and refers all questions of law to the Court.

**AS AND FOR AN ANSWER TO**
**PLAINTIFF'S STATEMENT OF FACTS**

10. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 11 of Plaintiff's Complaint and therefore denies the same.

12. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Defendant admits only that Shoebox utilized Defendant's services and denies each and every remaining allegation set forth in paragraph 18 of the Complaint.

19. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 19 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

20. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 20 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

21. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same

22. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 22 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

23. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 23 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

24. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 24 of Plaintiff's Complaint and therefore denies the same

25. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same

26. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FIRST CAUSE OF ACTION

27. Defendant repeats, reiterates and realleges each and every response to Paragraphs 1 through 26 of the Plaintiff's Complaint, with the same force and effect as if set forth fully herein.

28. Defendant denies each and every allegation contained in Paragraph 28 of the Complaint and refers all questions of law to the Court.

29. Defendant denies each and every allegation contained in Paragraph 29 of the Complaint and refers all questions of law to the Court.

30. Defendant denies each and every allegation contained in Paragraph 30 of the Complaint and refers all questions of law to the Court.

31. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 31 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

32. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. (A-J). Defendant denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Defendant denies each and every allegation contained in Paragraph 34 of the Complaint.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S SECOND CAUSE OF ACTION

35. Defendant repeats, reiterates and realleges each and every response to Paragraphs 1 through 34 of the Plaintiff's Complaint, with the same force and effect as if set forth fully herein.

36. Defendant denies each and every allegation contained in Paragraph 36 of the Complaint and refers all questions of law to the Court.

37. Defendant denies each and every allegation contained in Paragraph 37 of the Complaint and refers all questions of law to the Court.

38. Defendant denies each and every allegation contained in Paragraph 38 of the Complaint and refers all questions of law to the Court.

39. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 39 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

40. (A)-(C). Defendant denies each and every allegation contained in Paragraph 40 of the Complaint and refers all questions of law to the Court.

41. Defendant denies each and every allegation contained in Paragraph 41 of the Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S THIRD CAUSE OF ACTION

42. Defendant repeats, reiterates and realleges each and every response to Paragraphs 1 through 41 of the Plaintiff's Complaint, with the same force and effect as if set forth fully herein.

43. Defendant denies each and every allegation contained in Paragraph 43 of the Complaint and refers all questions of law to the Court.

44. Defendant denies each and every allegation contained in Paragraph 44 of the Complaint and refers all questions of law to the Court.

45. Defendant denies each and every allegation contained in Paragraph 45 of the Complaint and refers all questions of law to the Court.

46. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 46 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

47. Defendant denies each and every allegation contained in Paragraph 47 of the Complaint and refers all questions of law to the Court.

48. Defendant denies each and every allegation contained in Paragraph 48 of the Complaint.

49. Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

## AS AND FOR AN ANSWER TO PLAINTIFF'S FOURTH CAUSE OF ACTION

50. Defendant repeats, reiterates and realleges each and every response to Paragraphs 1 through 49 of the Plaintiff's Complaint, with the same force and effect as if set forth fully herein.

51. Defendant denies each and every allegation contained in Paragraph 51 of the Complaint and refers all questions of law to the Court.

52. Defendant asserts that the document speaks for itself. To the extent that any allegation is asserted in Paragraph 52 of Plaintiff's Complaint that is expansive of the written document, Defendant denies those allegations.

53. Defendant denies each and every allegation contained in Paragraph 53 of the Complaint and refers all questions of law to the Court.

54. Defendant denies each and every allegation contained in Paragraph 54 of the Complaint and refers all questions of law to the Court.

55. Defendant denies each and every allegation contained in Paragraph 55 of the Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Plaintiff's Complaint and each and every purported cause of action contained therein fails to state a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2. At all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good belief in the exercise of those rights, and in furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of the Defendant were justified under the circumstances based on information reasonably available to Defendant.

## THIRD AFFIRMATIVE DEFENSE

3. The alleged actions of the Defendant were proper and did not violate any provision of any Federal and State Statute.

## FOURTH AFFIRMATIVE DEFENSE

4. The alleged actions of Defendants were not accompanied by actual malice, intent or ill-will.

## FIFTH AFFIRMATIVE DEFENSE

5. The Defendant's conduct, communications and actions, if any, were privileged.

**SIXTH AFFIRMATIVE DEFENSE**

6. Even assuming *arguendo* that Defendant violated a statute alleged in the Complaint, which presupposition Defendant denies, such violation was not intentional and resulted from bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims are barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

8. At all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional violation of the FDCPA.

**NINTH AFFIRMATIVE DEFENSE**

9. If Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692(k)(a)(1), § 1692(k)(a)(2)(A), § 1692(k)(a)(3), § 1692(k)(b)(1).

**TENTH AFFIRMATIVE DEFENSE**

10. The Defendant's conduct, communications and actions, if any were privileged pursuant to 15 U.S.C. § 1692(k)(c).

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendant's actions were privileged pursuant to Federal and State Common Law.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff failed to mitigate its damages, if any, were suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. If Plaintiff was damages in any sum or sums alleged, which Defendant denies, Defendant's alleged acts or omissions were not a proximate cause of said damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims, if any, are barred from any recovery against Defendant by any applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The transaction referenced by the Complaint was not a debt as defined by 15 U.S.C. § 1692(a)(5) because the transaction was a business debt and was not incurred primarily for personal, family or household purposes. Therefore the FDCPA does not apply.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred by the doctrine of estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Defendant presently has insufficient knowledge or information on which to form a belief as to whether there may additional, as yet, unstated separate defenses available. Defendant therefore reserves herein the right to assert additional defenses in the event that discovery indicates such additional defenses would be appropriate.

**WHEREFORE,** Defendant demands judgment in favor of Defendant and against Plaintiff dismissing the Verified Complaint on all causes of action against Defendant, and that Defendant be awarded costs of suit herein and such other and further relief as the Court deems just.

                **SLATER, TENAGLIA, FRITZ & HUNT, P.A.**
                Attorneys for Defendant Altus GTS, Inc.


                By: ___/s/_ James T. Hunt, Jr._____
                James T. Hunt, Jr.
                395 W. Passaic Street, Suite 205
                Rochelle Park, New Jersey 07662
                PH: (201) 820-6001
                FAX: (212)692-0202
                    & 
                488 Madison Avenue – 24th Floor
                New York, New York 10022
                E-MAIL: james.hunt@stfhlaw.com

Dated: September 11, 2014
STFH File No.: LN0107